USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1833

 UNITED STATES,

 Appellee,

 v.

 DAVID ANTONIO SANCHEZ, a/k/a Gordo, a/k/a Goldo,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Frank H. Freedman, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 
 
 
 
 John P. Crowley, III, and Hobbins, Gardner, Gardner & Murphy
on brief for appellant.
 Donald K. Stern, United States Attorney, and Ariane D. Vuono,
Assistant U.S. Attorney, on brief for appellee.

July 27, 1999

 
 

 Per Curiam. Upon careful review of the briefs and
 the record, we conclude that defendant's claim of ineffective
 assistance of counsel cannot be reviewed on direct appeal. The
 attorney's performance, as described by defendant, was not
 necessarily substandard, and the life sentence does not
 necessarily show that the attorney's performance resulted in
 prejudice to defendant. If defendant believes that he has a
 viable claim, he may raise it in a proceeding under 28 U.S.C.
 2255. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir.
 1993) ("We have held with a regularity bordering on the
 monotonous that fact-specific claims of ineffective assistance
 cannot make their debut on direct review of criminal
 convictions, but, rather, must originally be presented to and
 acted upon by the trial court.").
 Defendant's remaining contentions also are without
 merit. The district court did not err in admitting the English
 translation of the transcription of the Spanish recording. The
 government witnesses laid an adequate foundation, and there was
 no indication that the transcript or translation were
 inaccurate. See United States v. Font-Ramirez, 944 F.2d 42, 48
 (1st Cir. 1991); United States v. Renfigo, 789 F.2d 975, 980
 (1st Cir. 1986). Even if the material may have been highly
 inculpatory, it still was not subject to exclusion as unduly
 prejudicial.
 In determining the identity of the drug substance,
 the district court did not plainly err in relying on the
 undisputed information in the pre-sentence investigation
 report. That information also was not inconsistent with the
 testimony at trial about defendant's drug dealings and the
 preparation of the drugs.
 Defendant's motion to dispense with oral argument and
 for expedited consideration is granted.
 Affirmed. See 1st Cir. Loc. R. 27.1.